I/S 21

**F I L E D**
CLERK, U.S. DISTRICT COURT

01/27/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

FEE PAID

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JORGE ALEJANDRO ROJAS,

    Plaintiff,

    vs.

NEXTSTEP FINANCIAL DEBT SETTLEMENT, LLC., and JERRY YIRENKYI

    Defendants.

Case No.:  8:22-cv-00152-JVS-(JDEx)

COMPLAINT FOR:
VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

    Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendants Nextstep Financial Debt Settlement, LLC., ("NextStep") and Jerry Yirenkyi, ("Yirenkyi"), "Defendants" and alleges based on personal knowledge and information and belief, as follows:

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 1

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls in an effort to solicit business, specifically, for credit repair and debt services.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 2

5. This Court has personal jurisdiction over Defendants as it regularly and systemically conducts business in the state of California. Specifically, Defendant NextStep's website states "NextStep Financial consists of our team of unrivaled professionals in consumer debt relief services with our goal to assist individuals facing true financial hardships in regaining financial control and security." The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant NextStep Financial Debt Settlement, LLC., ("NextStep") is a California Domestic entity, with a principal entity address of 25391 Commerce Center Drive, Suite 120, Lake Forest CA 92630, and a registered agent of Corporation Service Center Which Will Do Business in California as CSC-Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833. As of this filing, NextStep is in an SOS/FTB Suspended Status.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 3

9. Defendant Jerry Yirenkyi ("Yirenkyi") is the CEO and Manager of Defendant NextStep, and has an address of 113 Quite Place Irvine, CA 92602.

10. Defendant Yirenkyi owned, operated, and was an officer, employee and agent of NextStep. At all material times referenced herein, Yirenkyi was a resident and citizen of California and this District. The acts and omissions performed by Yirenkyi giving rise to liability in this matter occurred or were performed in this District.

11. The fact that NextStep is an SOS/FTB Suspended entity further demonstrates liability on the part of its individual officers who nevertheless engaged in telemarketing.

12. Defendants are persons as defined by 47 U.S.C. § 153(39).

13. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## **STATUTORY BACKGROUND**

14. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules &*

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 4

*Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

15. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

17. [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 5

18. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

19. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

20. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 6

21. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

22. Plaintiff is the account holder and customary user of his phone number.

23. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

24. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

25. Defendants are an organization that among other things places telemarketing calls to individuals in order to get them to contract their services to perform credit repair and debt recovery services. Defendants solicit the services of itself and any vendors and affiliates via telemarketing.

26. Plaintiff has done no business with Defendants and has never provided Defendants with prior express written consent to call his cellular telephone number that is registered on the National Do-Not-Call Registry.

27. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

28. Defendants, individually and together, directly placed the calls at issue in this Complaint; or in the alternative, Defendants' callers (whether

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 7

employees of Defendants or agents) had each Defendants' express or implied actual authority to place the unwanted, automated lead generation calls at issue. Defendants, individually and together, contracted with or otherwise entered into agreements with callers to generate business and initiate the telemarketing phone calls using tactics that violated the TCPA. Defendants, individually and together, know that these third parties they engaged conduct their telemarketing practices in violation of federal law, but Defendants, individually and together, continued the relationship with them and received the benefits therefrom.

29. The owner of NextStep directed and oversaw the telemarketing activity in progress, including selecting any third party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

30. **Call 1.** On or about January 27, 2022, at 3:28 PM, Plaintiff received a telephone call from Defendants, from (929) 465-1046. **Exhibit 2.**

31. **Call 2.** On or about January 27, 2022, at 3:28 PM Plaintiff received a telephone call from Defendants, from (929) 465-1046. **Exhibit 2.**

32. Despite both calls being made within the same minute, Plaintiff did not answer either.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

33. **Call 3.** On or about January 27, 2022, Defendants left a voicemail at 3:30PM, which was "ringless" in nature.

> "Hey this is Michael I just wanted to reach out personally on behalf of the attorneys give me a call back as soon as possible at 352-900-2564 I'm not sure if you've been getting a lot of collections calls so I don't blame you for her not answering or picking up but our attorney sent you some information in the mail a few weeks ago um but you know what everything going on it actually looks like you do not have to pay back your total outstanding unsecured debt to the attorneys they actually manage to get you approved for some new debt resolution options and loan programs oh and they can actually get you some money for those harassing debt collection calls as well again call me back ASAP at 352-900-2564 again that is 35290025640 and a please use this loan program might be and that is 20401 thank you…"

34. Plaintiff called back the number provided, which was different than the calling phone number, and was connected to a Karina, who was likely a robot, who then connected Plaintiff to a recorded message that provided information concerning the services provided by Defendants. Karina stated

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 9

that they were working for "Max Credit Relief" notwithstanding the fact that is not who was calling.

35. After pressing a key entry, Plaintiff was connected to a "Nicholas."

36. Nicholas provided Plaintiff with an e-mail and Defendant NextStep's website information, and actually e-mailed Plaintiff confirming the call took place. **Exhibit 3.**

37. Defendant NextStep is an SOS/FTB Suspended entity yet nevertheless continues to do business. **Exhibit 4.**

38. Eventually, Plaintiff terminated the telephone call.

39. The above calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, debt consolidation and credit repair services.

40. Defendants masked its telephone number to not reveal its true telephone number.

41. The conduct alleged in this action was made willful and knowingly, for reason including that the caller did not identify himself by name or entity, in order to obfuscate who they were, and the use of Caller ID masking.

42. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 10

43. Both Defendants liable for the calls made by its employees, contractors, agents, and affiliates.

44. Plaintiff will identify any additional liable indispensable party in discovery.

45. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

46. Plaintiff did not have a prior business relationship with Defendants.

47. Defendants did not have any consent to call Plaintiff.

48. Defendants are not an organization exempt from the TCPA.

49. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

50. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

51. Upon information and belief, Plaintiff received additional calls from Defendants' and its affiliates not included above.

52. Plaintiff alleges that Defendants trains its affiliates and employees to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

53. Defendants made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 11

telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

54. The impersonal and generic nature of Defendants' calls demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

55. In total, Defendants and/or its affiliates placed at least three (3) telephone solicitation calls to Plaintiff.

56. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

57. Defendants have a pattern and/or practice of failing to comply with the TCPA.

58. The foregoing acts and omissions were in violation of the TCPA.

59. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

60. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 12

telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

61. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

62. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

63. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

64. Plaintiff is also entitled to an award of costs.

65. Defendants' calls were not made for "emergency purposes."

66. Defendants' calls to Plaintiff were made without any prior express written consent.

67. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 13

68. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

69. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

70. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

71. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

## COUNT 1. Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

72. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

73. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least three (3) occasions in

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 14

1    violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written

2    consent.

3    74. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C.

4        § 227(b)(3)(B) by the Defendants by the telephone calls described above,

5        in the amount of $500.00 for each.

6    75. Plaintiff was further statutorily damaged because Defendants willfully or

7        knowingly violated this subsection of the TCPA. Plaintiff requests that the

8        court treble the damage amount as permitted under 47 U.S.C. §

9        227(b)(3)(C) for these willful or knowing violations.

10   WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor

11   and against Defendants, jointly and/or severally, in an amount of $4,500.00 plus

12   costs and any other remedy deemed appropriate.

13   **COUNT 2. Initiating A Telephone Solicitation To A Telephone**

14   **Subscriber Who Has Registered His Number On The Do-Not-Call List At**

15   **Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)**

16   76. Plaintiff incorporates the foregoing paragraphs as through the same were

17       set forth at length herein.

18   77. Plaintiff's telephone number has been registered on the Federal Do Not

19       Call Registry since at least 30 days prior to the calls described above.

20   COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER
PROTECTION ACT, 47 U.S.C. § 227 - 15

78. Defendants called Plaintiff's telephone at least three (3) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

79. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants' by the telephone calls described above, in the amount of $500.00 for each of the three (3) telephone calls.

80. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $4,500.00 plus costs and any other remedy deemed appropriate.

## **COUNT 3. Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)**

81. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 16

82. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

83. Defendants violated this provision during the telephone call by not identifying itself adequately during the telephone call it made. Specifically, Defendants did not identify its organization when it left its voicemail.

84. Plaintiff was statutorily damaged at least one (1) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for the one (1) telephone call which Defendants did not identify itself properly in its voicemail.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $9,500.00 as permitted by statute, as follows:

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 17

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. Statutory damages of $500.00 per call for each and every violation of 47 C.F.R. § 64.1200(d)(4);

G. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

H. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

I. Leave to amend this Complaint to conform to the evidence presented at trial; and

J. Any other relief this Court deems proper.

Respectfully submitted,

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 18

1    Dated: January 27, 2022

2

3

4                                        /s/ Jorge Alejandro Rojas
                                         JORGE ALEJANDRO ROJAS
5                                        Rojas.jorge96@gmail.com
                                         Plaintiff in Pro Se
6                                        557 Cambridge Way
                                         Bolingbrook, IL 60440
7                                        (424) 219-1582

8

9

10

11

12

13

14

15

16

17

18

19

20   COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER
     PROTECTION ACT, 47 U.S.C. § 227 - 19

# EXHIBIT 1

# EXHIBIT 1

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>
To: rojas.jorge96@gmail.com

Fri, Jun 18, 2021 at 12:15 PM

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

**********************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2



19:53



< Recents

S

Scam

+1 (928)

Bullhea

# EXHIBIT 3

# EXHIBIT 3

 **Gmail**

**Jorge Rojas <rojas.jorge96@gmail.com>**

## Your Options
1 message

**Nicholas.Davis@nextstepfinancial.org** <Nicholas.Davis@nextstepfinancial.org>          Thu, Jan 27, 2022 at 5:54 PM
To: rojas.jorge96@gmail.com

Dear Jarge,

Based off my experience in helping people in the exact situation you are in I wanted to give you some information that past clients have found extremely helpful. It is my job to make sure that all of my clients are aware of the programs available to them to get out of debt and achieve the financial freedom they are looking for.

Please take a moment to review all the options that people are most likely thinking about:

**Option 1:** *Continuing to make the minimum monthly payment and do nothing at all.*

- Making Minimum Monthly payments do NOT reduce your balances at all. It is realistically impossible to reduce your debt by making minimum monthly payments.
- If you continue to make your minimum payments, in the first 3 years you pay 50% of your original balance in interest alone.
- Your credit card companies can increase your interest rates anytime they choose.

**Option 2:** *Consumer Credit Counseling*

- Reduce interest rates from daily compound interest into FIXED interest. Simply meaning, more money will go towards paying off your balances each month.
- Consolidate all of your credit card debt into 1 monthly payment.
- The one drawback to this program is that your monthly payment will most likely stay the same or increase.

**Option 3:** *Bankruptcy- Chapter 7 or 13*

- Bankruptcy has a severe negative impact on your credit rating for 7-10 years.
- Bankruptcy may have a negative effect on your employment status.
- Bankruptcy may cost $1,500 or more to file, including added attorney fees and filing fees.
- Bankruptcy carries a negative stigma, mental stress, and other burdens.
- If at all possible Bankruptcy should be avoided.

OR

**Option 4: Debt Resolution- (our recommended program for your situation)**

- A dispute package is sent to each collection agency which legally demands they provide proof of their right to collect on the account.
- If the collection agency is unable to verify their authorization to collect, the account is classified as invalid and unable to be collected upon.
- With this program you are immediately put into a credit repair program where a credit analysis team is constantly working on your file to improve your credit score.
- Most cost effective way for you to eliminate your debt.

I hope this helps you in deciding what your best course of action may be. Regardless of what you choose I am here to help. If you have any questions about the options I have listed above please feel free to contact me. I look forward to hearing from you.

Nicholas Davis
(949) 504-4095
Nicholas.Davis@nextstepfinancial.org

# EXHIBIT 4

# EXHIBIT 4

Dr. Shirley N. Weber
California Secretary of State

🔍 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, January 26, 2022. Please refer to document Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

201927610466    NEXTSTEP FINANCIAL DEBT SETTLEMENT LLC

| | | |
|---|---|---|
| Registration Date: | 09/30/2019 | *This entity is not eligible for online records requests. To order a Certificate of Status, please complete and return the Business Entities Records Order Form* |
| Jurisdiction: | CALIFORNIA | |
| Entity Type: | DOMESTIC | |
| Status: | FTB SUSPENDED | |
| Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE, (C1592199) | |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. | |
| Entity Address: | 25391 COMMERCENTER DRIVE, SUITE 120 LAKE FOREST CA 92630 | |
| Entity Mailing Address: | 25391 COMMERCENTER DRIVE, SUITE 120 LAKE FOREST CA 92630 | |
| LLC Management | One Manager | |

| Document Type ⇅ | File Date ⬇ | PDF |
|---|---|---|
| SI-COMPLETE | 01/25/2021 | |
| REGISTRATION | 09/30/2019 | |

* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

[ Modify Search ]   [ New Search ]   [ Back to Search Results ]